GONZALEZ & LEIGH, LLP
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
Two Shaw Alley, Third Floor
San Francisco, CA  94105
Telephone:  (415) 512-2000
Facsimile:  (415) 512-2001

Attorneys for Plaintiff
DENIZ BOLBOL

JOSEPH P. CUVIELLO
P.O. Box 2834
Redwood City, CA  94064
Telephone:  (650) 654-9955
Facsimile: (209) 309-7265
pcuvie@gmail.com

E-filing

Plaintiff In Pro Se

**WHA**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV 09      2955**

JOSEPH P. CUVIELLO AND DENIZ
BOLBOL, individually,

            Plaintiffs,

    v.

CITY OF OAKLAND, a public entity,
ALAMEDA COUNTY, a public entity,
OAKLAND-ALAMEDA COLISEUM
AUTHORITY, a public entity, OAKLAND
COLISEUM JOINT VENTURE, L.L.C., a
foreign corporation, SMG, a foreign
corporation, OAKLAND POLICE
OFFICER SERGEANT LEWIS,
OAKLAND POLICE OFFICER MORSE,
OAKLAND POLICE OFFICER
TRAPELLI, OAKLAND POLICE
OFFICER CASTRO, OAKLAND POLICE
OFFICER DUNIKIN, OAKLAND
COLISEUM ASSISTANT GENERAL
MANAGER RON LITTLE, and DOES 1-
20, in their individual and official
capacities, Jointly and Severally,

            Defendants.

Case No.

**COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND
DAMAGES**

1    Plaintiffs, for their Complaint against Defendants, state as follows:

2    **JURISDICTION**

3    1.    This is a civil rights action arising from Defendants' unreasonable seizure of

4    Plaintiffs on August 14, 2008, and violation of Plaintiffs' rights to freedom of speech, press,

5    assembly, association, and conscience, in connection with the Ringling Bros. – Barnum & Bailey

6    Circus between August 14 and August 18, 2008 at the Oakland Arena, in the City of Oakland,

7    Alameda County, California. This action is brought pursuant to 42 USC §§ 1983, 1985 and

8    1988, and the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is

9    founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and

10    constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court

11    pursuant to 28 USC §1367 to hear and decide claims arising under state law.

12    **INTRADISTRICT ASSIGNMENT**

13    2.    All of the events and/or omissions complained of herein occurred in Oakland,

14    Alameda County, California, and this action is properly assigned to the San Francisco Division

15    of the United States District Court for the Northern District of California.

16    3.    Plaintiff has complied with the California Government Tort Claims Act Section

17    910, et seq.

18    **INTRODUCTION**

19    4.    This complaint seeks relief against Defendants based on their August 14, 2008,

20    arrest of Plaintiffs, while Plaintiffs were engaged in constitutionally protected free speech and

21    press activity, and their violation of Plaintiffs' constitutionally protected rights at the Oakland

22    Arena from August 14 through August 18, 2008.

23    5.    This complaint requests monetary damages, declaratory and injunctive relief

24    against Government Defendants for committing acts under color of law, which deprived

25    Plaintiffs of rights secured by the United States and California Constitutions and the law of the

26    United States; for conspiring for the purpose of impeding and hindering the due course of justice

27    with the intent to deny Plaintiffs equal protection of laws; and for refusing or neglecting to

28    prevent such deprivations and denials to Plaintiff.

1        6.     Government Defendants, while acting in their capacities as police officers of the

2    City of Oakland, California, deprived Plaintiffs of their liberty without due process of law,

3    thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the First

4    and Fourteenth Amendments to the Constitution of the United States and Article I Sections 2 and

5    7 of the California Constitution.

6        7.     SMG, a foreign corporation doing business in Alameda County, manages the

7    Oakland Arena, also deprived Plaintiffs of their liberty thereby depriving Plaintiffs of their

8    constitutional rights under the First Amendment to the Constitution of the United States and

9    Article I Sections 2 and 7 of the California Constitution.  Furthermore, Defendant SMG

10   conspired with Defendant OAKLAND POLICE OFFICERS to deny Plaintiffs their

11   constitutional rights.

12                           **PARTIES AND PROCEDURE**

13       8.     Each Plaintiff herein is a resident of the State of California.

14       9.     Defendant CITY OF OAKLAND is a public entity established by the laws and

15   Constitution of the State of California, and owns, operates, manages, directs, and controls the

16   Oakland Police Department which employs other defendants in this action.

17   Defendants CITY OF OAKLAND owns and/or controls the Oakland Arena.

18       10.    Defendant ALAMEDA COUNTY is a public entity established by the laws and

19   Constitution of the State of California, and owns, operates, manages, directs, and controls the

20   Alameda County jail and Santa Rita Jail and employs other defendants in this action.

21       11.    Defendants CITY OF OAKLAND and ALAMEDA COUNTY co-own, operate,

22   manage, direct, and/or control the Oakland Coliseum, and the OAKLAND-ALAMEDA

23   COUNTY COLISEUM AUTHORITY.

24       12.    DEFENDANT, THE OAKLAND-ALAMEDA COUNTY COLISEUM

25   AUTHORITY is a public entity established by the laws and Constitution of the State of

26   California in 1995 by the City of Oakland and Alameda County to finance renovations made to

27   the stadium and arena, and to manage the overall facility. DEFENDANT, THE OAKLAND-

28   ALAMEDA COUNTY COLISEUM AUTHORITY employs other defendants in this action.

1    13.    DEFENDANT OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY

2 contracts with DEFENDANT OAKLAND COLISEUM JOINT VENTURE, L.L.C., which is

3 primarily owned by SMG a foreign corporation.

4    14.    DEFENDANT SMG is a foreign corporation doing business in Alameda County

5 and operates, manages, directs, and/or controls the Oakland Arena and employs other defendants

6 in this action.

7    15.    DEFENDANTS OAKLAND POLICE OFFICER SGT. LEWIS, OFFICERS

8 MORSE, TRAPELLI, CASTRO and DUNIKIN are individuals who were at all material times

9 employed as law enforcement officers by DEFENDANT CITY OF OAKLAND, and were acting

10 within the course and scope of their employment.  At all material times, these Defendants were

11 also employees, agents, and/or ostensible agents of DEFENDANTS ALAMEDA COUNTY,

12 OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM

13 JOINT VENTURE, L.L.C., and SMG, and were acting within the course and scope of that

14 employment/agency.

15    16.    Plaintiffs are informed that DEFENDANT OAKLAND ARENA ASSISTANT

16 GENERAL MANGER RON LITTLE, is an individual, and at all times referred to herein, was

17 employed by SMG and acting in the course and scope of his employment by SMG.

18    17.    DOES 1-20, on information and belief, were at all material times persons and/or

19 business entities doing business at or around the Oakland Arena, Oakland, California.  Plaintiffs

20 are further informed and believe, and thereon allege that at all material times these Defendants

21 owned, operated, managed, directed, controlled, and/or employed other defendants in this action.

22 The true names and capacities of these Defendants are unknown to Plaintiffs, who therefore sue

23 said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint

24 to show their true names and capacities when the same are ascertained.

25    18.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

26 sued herein was negligently, wrongfully, and otherwise responsible in some manner for the

27 events and happenings as hereinafter described, and proximately caused injuries and damages to

28 Plaintiffs.  Further, one or more Doe defendants were at all material times responsible for the

1 || hiring, training, supervision, and discipline of other defendants, and/or directly responsible for
2 || violation of Plaintiffs' rights.

3 ||     19.    Each individual defendant (non-municipal and non-corporate defendant) issued in
4 || his/her individual and official capacities.

5 ||     20.    Plaintiffs are informed and believe, and thereon allege, that each of the defendants
6 || was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator,
7 || and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting
8 || within the course and scope of that relationship. Plaintiffs are further informed and believe, and
9 || thereon allege, that each of the defendants herein gave consent, aid, and assistance to each of the
10 || remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as
11 || alleged herein, except as may be hereinafter otherwise specifically alleged.

12 ||     21.    At all material times, each defendant was jointly engaged in tortious activity,
13 || resulting in the deprivation of Plaintiffs' Constitutional rights and other harm.

14 ||     22.    At all material times, each defendant acted under color of the laws, statutes,
15 || ordinances, and regulations of the State of California.

16 ||     23.    At all material times, DEFENDANTS OAKLAND POLICE OFFICER SGT.
17 || LEWIS, OAKLAND OFFICERS MORSE, TRAPELLI, CASTRO and DUNIKIN, OAKLAND
18 || ARENA ASSISTANT GENERAL MANAGER RON LITTLE and Does 1-20 acted pursuant to
19 || the actual customs, policies, practices and procedures of the Oakland Police Department, and
20 || DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA
21 || COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C.
22 || and SMG.

23 ||     24.    This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

24 || **FACTUAL ALLEGATIONS**

25 ||     25.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth
26 || here.

27 ||     26.    PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL are members of
28 || Citizens for Cruelty-Free Entertainment, a San Francisco Bay Area grassroots group dedicated to

1  the humane treatment of animals and educating the public about the abuse and mistreatment of
2  animals in circuses.

3      27.    Plaintiffs' speech and association includes holding signs and banners and offering
4  leaflets with information about the condition and treatment of animals kept by circuses, including
5  but not limited to the Ringling Bros. – Barnum & Bailey Circus (hereafter "Ringling").
6  Plaintiffs' speech also includes videotaping said treatment of animals used by circuses. Plaintiffs
7  use the videotape to educate the public, and provide news media information about the abuse and
8  mistreatment of animals by circuses.

9      28.    Plaintiffs' speech and association is on matters of great public concern locally,
10  nationally, and internationally – the abuse and mistreatment of animals, including but not limited
11  to endangered species, tigers, and Asian elephants – by circuses and other "entertainment"
12  entities.

13     29.    Plaintiffs have documented many instances of animal abuse and mistreatment
14  committed by circuses over the years, including by Ringling Bros Circus. Plaintiffs use the
15  evidence they document on video to speak out against these abuses of animals, and to associate
16  with others for the purpose of expressing their views and educating people about the issue of
17  abuse and mistreatment of animals used in circuses.

18     30.    Additionally, Plaintiffs use their videos to speak to the media and provide news
19  and law enforcement organizations with information about the abuse and mistreatment of
20  animals.

21     31.    Plaintiffs' videotapes have been used and broadcast by local and national news
22  media, including but not limited to *ABC World News Tonight with Peter Jennings,* NBC Channel
23  3 News, KGO TV, CBS Channel 5 News, ABC 7 News, KRON 4 News, *Mornings on 2,* in
24  addition to news organizations in other markets, such as San Diego and Connecticut.

25     32.    The Oakland Arena complex is publicly-owned property.

26     33.    The parking lots and pedestrian walkways at the Oakland Arena are traversed by
27  the public to attend events at the arena.

28

1      34.    The parking lots and pedestrian walkways outside the arena are public fora.

2      35.    Through the years, SMG and SMG Security, including OAKLAND COLISEUM

3 ASSISTANT GENERAL MANAGER RON LITTLE, have repeatedly harassed and interfered

4 with Plaintiffs' First Amendment activities at the Oakland Arena property. The history of

5 harassment includes: the confiscation of a television monitor used to display video of animal

6 treatment by Ringling; physical pushing, hitting and grabbing of Plaintiffs as they videotaped

7 from public walkways and Defendants stating videotaping is prohibited; Defendants using their

8 hands and bodies to physically block Plaintiffs from videotaping, telling Plaintiffs they are not

9 allowed to videotape or pass out leaflets; and harassing patrons who took leaflets.

10      36.    Through the years, DEFENDANTS CITY OF OAKLAND POLICE OFFICERS

11 have repeatedly falsely stated that the Arena is private property and threatened Plaintiffs with

12 arrest and arrested Plaintiffs if they did not follow the Arena Management and Security rules.

13      37.    In a letter dated August 11, 2003, PLAINTIFF CUVIELLO explained to Oakland

14 Arena General Manager Mark Kaufman that the Arena Security routinely harassed Plaintiffs in

15 August 2002 and requested that this harassment cease. Plaintiffs received no reply from Mr.

16 Kaufman.

17      38.    In August of 2004, PLAINTIFF BOLBOL, while standing on the north landing,

18 videotaped a circus elephant handler attacking a seven-year-old chained elephant with a bullhook

19 (a weapon resembling a fireplace poker). Ms. BOLBOL's video was shown extensively on

20 television in the Bay Area and around the country.

21      39.    From August 18-21, 2005, during the Ringling Bros. Circus engagement at the

22 Oakland Arena Plaintiffs wished to again access the north ramp and landing to videotape the

23 handling and living conditions of the animals used by the circus and were told by Oakland Arena

24 Assistant Security Manager Leroy "Skeet' Ellis, along with Oakland Police officers R. Villegas

25 and R. Valladon, that only ticketed patrons were allowed on the ramp and landing and threatened

26 Plaintiffs with arrest for accessing the north ramp and landing without buying a ticket for the

27 show.

28

40.     On August 20, 2005, PLAINTIFF CUVIELLO purchased a ticket and accessed the north ramp and landing. While standing on the north landing videotaping the animals, Mr. Cuviello was placed under citizen's arrest for trespassing by Oakland Arena Assistant Security Manager, Leroy "Skeet' Ellis and taken into custody by Oakland police officers R. Villegas and R. Valladon.

41.     From August 18, 2006, PLAINTIFF BOLBOL, while standing on the north landing, was threatened with arrest by Oakland Arena Assistant Security Manager, Leroy "Skeet' Ellis and Oakland police officers R. Villegas and R. Valladon. Ms. Bolbol left the landing.

42.     On September 8, 2006, Plaintiffs filed a Complaint for Damages and Injunctive and Declaratory relief against DEFENDANTS THE CITY OF OAKLAND, COUNTY OF ALAMEDA, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, SMG, OAKLAND COLISEUM JOINT VENTURE, Oakland Arena Assistant Security Manager Leroy "Skeet" Ellis and Oakland Police officers R. Villegas and R. Valladon.

43.     On July 9, 2007 Plaintiffs moved the Court for injunctive relief enjoining Defendants from requiring Plaintiffs to purchase a ticket prior to accessing the north ramp and landing during the Ringling Bros. Circus engagement August 16-19, 2007. The Honorable Judge Marilyn H. Patel referred the matter to the Honorable Magistrate Judge Edward M. Chen, who, on August 14, 2007, issued a "Report & Recommendation" explaining the applicable free speech law and recommending an injunction enjoining Defendants from requiring Plaintiffs to purchase a ticket in order to access the north ramp and landing. On August 15, 2007, Judge Marilyn H. Patel adopted Judge Edward M. Chen's "Report & Recommendation" in its entirety, granting Plaintiffs the relief they requested.

44.     On July 7, 2008, based on the events surrounding the circus engagement of 2007, Plaintiffs moved the Court to modify their preliminary injunction. Prior to the hearing the parties stipulated to a modified injunction which provided that : (1) absent a violation of law, Plaintiffs are allowed to fully access the exterior areas of the arena, and freely move between said areas, including the north ramp landing, the northeast stairs which lead down from the north ramp landing alongside the north tunnel, and the area at the base of the northeast stairs; (2) Defendants

1 | are enjoined from physically touching Plaintiffs and their personal property, save law

2 | enforcement making a lawful arrest, and only then to the extent reasonably necessary to effect

3 | the arrest; and (3) absent a violation of law, Defendants are enjoined from interfering in any way

4 | with Plaintiffs' lawful free speech activity.

### Events of August 14, 2008

45. On August 14, 2008, at approximately 6 p.m., Plaintiffs went to the Oakland Arena to leaflet patrons of the Ringling Bros. Circus and to videotape the handling and living conditions of the animals.

46. An hour and a half before each performance the circus has an event called the "Animal Open House" where patrons can enter the animal compound area to view the animals. PLAINTIFF BOLBOL and another activist, Mark Ennis, went to the entrance of the "Animal Open House" to leaflet the attending patrons and noticed that DEFENDANT SMG had set up barricades blocking off a sizable area of the parking lot and walkway in front of and adjacent to the entrance to the animal compound.

47. Plaintiff BOLBOL entered into the barricaded area to leaflet the patrons and was approached by DEFENDANTS OAKLAND ARENA ASSISTANT MANAGER RON LITTLE and OAKLAND POLICE OFFICER TRAPELLI who told Ms. BOLBOL that unless she purchased a ticket she had to leave the barricaded area.

48. A short time later Ms. BOLBOL was approached by DEFENDANT OAKLAND POLICE OFFICER MORSE who also told her that she was not allowed in the barricaded area.

49. During this time PLAINTIFF CUVIELLO came to the area to exchange video cameras with PLAINTIFF BOLBOL and entered the barricaded area adjacent to the entrance to the "Animal Open House." Mr. CUVIELLO was approached by DEFENDANT OAKLAND POLICE OFFICER MORSE and told that the barricaded area was a secure area. Mr. CUVIELLO replied that the area was not secure and Officer MORSE threatened Mr. CUVIELLO with arrest.

1    50.    DEFENDANT OAKLAND POLICE SGT. LEWIS approached Ms. BOLBOL

2  and Mr. CUVIELLO and told them that if they did not leave the barricaded area they would be

3  placed under citizen's arrest and be taken to jail.

4    51.    Plaintiff CUVIELLO left the area to retrieve a copy of the "Report &

5  Recommendation Re Plaintiffs' Motion For Preliminary Injunction," issued by the Honorable

6  Magistrate Judge Edward M. Chen and adopted by the Honorable Judge Marilyn H. Patel, to

7  discuss the applicable law with DEFENDANT SGT. LEWIS.

8    52.    At this time PLAINTIFF BOLBOL noticed patrons walking straight through the

9  parking lot towards the entrance to the "Animal Open House," bypassing the barricaded

10  "ticketed guest only" area. PLAINTIFF BOLBOL went to the entrance of the "Animal Open

11  House" in order to leaflet these patrons who did not use the barricaded area to enter. At

12  approximately 6:30 p.m., DEFENDANT SGT. LEWIS moved his officers in and arrested Ms.

13  BOLBOL.

14    53.    At approximately the same time, Plaintiff CUVIELLO arrived with the "Report &

15  Recommendation" and found DEFENDANT SGT. LEWIS standing inside the barricaded area

16  and approached LEWIS.  Mr. CUVIELLO asked LEWIS if he could talk to him privately about

17  the Court's Order. DEFENDANT SGT. LEWIS replied, "No, you are keeping me from doing

18  my job." Mr. CUVIELO responded that he was not keeping LEWIS from doing anything and

19  asked LEWIS if he read Judge Chen's "Report & Recommendation" where it stated that to block

20  off a public forum you must have a significant governmental interest. DEFENDANT SGT.

21  LEWIS told PLAINTIFF CUVIELLO that he read the "Report & Recommendation" and then

22  told Mr. CUVIELLO to put his hands behind his back because he was under arrest.

23    54.    Both Plaintiffs were handcuffed and led to Oakland Police cars where

24  PLAINTIFF CUVIELLO asked DEFENDANT SGT. LEWIS if he was going to take Plaintiffs to

25  jail or cite and release them. LEWIS replied that Plaintiffs would be taken to jail as the "offense"

26  was "likely to continue."

27    55.    Both Plaintiffs were subsequently taken to the County jail and then transferred to

28  Santa Rita Jail in Dublin, California.  After more than 24 hours in custody PLAINTIFF

1   BOLBOL was released on bail at approximately 7 p.m. August 15, 2006. After being strip
2   searched and held for 30 hours PLAINTIFF CUVIELLO was released on bail at approximately
3   12:30 a.m. August 16, 2008.

*Events of August 16, 2008*

5   56.    On August 16, 2008, PLAINTIFF CUVIELLO was standing on the north landing
6   videotaping and moved a barricade to access the upper west landing; PLAINTIFF CUVIELLO
7   was told by a SMG security person that the area was closed. SMG Security person "Buzz"
8   Golphin and DEFENDANT OAKLAND POLICE OFFICER DUNIKIN were called to the scene
9   and talked with Plaintiffs. DEFENDANT OFFICER DUNIKIN told Plaintiffs that if they wished
10  to access the western portion of the north landing that they should call him and he would escort
11  them into the area so that SMG would not have a problem. This was to be the procedure for
12  Plaintiffs to access the upper west landing for the duration of the Ringling Bros. engagement at
13  the Oakland Arena.

14  57.    Concerned about being arrested again, Plaintiffs asked DEFENDANT OFFICER
15  DUNIKIN about accessing a portion of the parking lot next to the animal compound where
16  Plaintiffs wanted to stand in order to videotape the animals; the same area where patrons walked.
17  OFFICER DUNIKIN told Plaintiffs that if Plaintiffs went into that area Ringling was going to
18  "throw a fit" and that if SMG wanted PLAINTIFF BOLBOL arrested for entering that portion of
19  the parking lot he would likely take the arrest and take PLAINTIFF BOLBOL to jail.

20  58.    Due to the chilling effect the August 14, 2008 arrests had on Plaintiffs, after Plaintiffs
21  were released from prison, they did not attempt to access certain exterior public fora areas for
22  fear of being arrested and incarcerated again.

*Events of August 17, 2008*

24  59.    On August 17, 2008, at approximately 8:35 p.m., PLAINTIFF CUVIELLO was
25  standing on the public sidewalk videotaping circus personnel walk the elephants to the circus
26  train. A Doe SMG security person, who was walking in the street next to the elephant handlers,
27  stepped up onto the public sidewalk as he approached Mr. CUVIELLO and grabbed and shoved
28  Mr. CUVIELLO.

1    60.    PLAINTIFF CUVIELLO told DEFEDANT OFFICER DUNIKIN that he wanted

2  to place the SMG security person under citizen's arrest for battery and offered to show

3  DUNIKIN the video. Officer DUNIKIN refused to accept PLAINTIFF CUVIELLO'S citizen's

4  arrest and refused to watch the video. DUNIKIN said he would write a report and forward it to

5  the District Attorney.

6    61.    All Defendants herein planned, authorized, directed, ratified, and/or personally

7  participated in the following conduct, which includes but is not limited to:

8          a.    Retaliating against Plaintiffs for their exercise of their First

9                Amendment rights;

10         b.    Threatening to arrest Plaintiffs if they did not leave the

11                Oakland Arena property, where they were lealfeting patrons

12                or videotaping the handling of the animals and their living

13                conditions;

14         c.    Refusing to allow Plaintiffs access to the public areas outside

15                the arena for the purpose of exercising their United States and

16                California constitutional rights;

17         d.    Singling out of these Plaintiffs because of their viewpoints

18                and the perceived content of their expression;

19    62.    At all material times, Plaintiffs were peacefully exercising their Constitutionally

20  protected First Amendment rights to free speech, press, association, conscience, and beliefs, both

21  collecting and disseminating information on matters of great public concern in a public forum.

22    63.    At all material times, Plaintiffs herein acted lawfully, never threatened any

23  person, and never resisted any lawful order by any police officer.

24    64.    Plaintiffs' speech, association, conscience and beliefs were on matters of great

25  public concern, being the subject of numerous news reports, discussions, debates, investigations,

26  and animal rights projects throughout the world.

27    65.    Defendants' speech-related conduct, practices, policies and customs, and

28  Defendants' threats to arrest Plaintiffs have had a chilling effect on Plaintiffs', free speech, press,

12
**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1   expression, and associations, and further constitute content-based regulation of Plaintiffs'
2   speech, and prior restraints on protected expression and associations.

3   66.    Defendants' speech-related conduct, practices, policies and customs are
4   overbroad, and are not narrowly tailored to accomplish any rational, legitimate, important,
5   substantial, significant or compelling interest of Defendants.

6   67.    Defendants' conduct was objectively unreasonable under the circumstances.

7   68.    All Defendants, their employees, and agents, engaged in a concert of action and
8   joint venture to deny Plaintiffs their rights to freedom of speech, press, association, conscience
9   and beliefs without Plaintiffs' consent and in furtherance of a common scheme to violate these
10  Plaintiffs' aforementioned rights, with knowledge of the conspiracy and its unlawful purpose.

11  69.    Defendants' conduct described herein was intended, and was reasonably likely, to
12  deter and/or chill Plaintiffs' exercise of constitutionally protected rights, and/or was in retaliation
13  for Plaintiffs' political views and their exercise of constitutionally protected rights.

14  70.    Defendants' conduct described herein had a chilling effect on Plaintiffs' exercise
15  of their First Amendment rights.

16  71.    At all material times, Defendants' restrictions on Plaintiffs' protected First
17  Amendment activity was unreasonable as to time, place, and manner.

18  72.    Plaintiffs' exercise of their First Amendment rights to freedom of speech, press,
19  assembly, association, conscience, and beliefs, and the content and/or viewpoint of Plaintiffs'
20  protected expression, or perceived expression, was a substantial or motivating factor for
21  Defendants' conduct described herein.

22  73.    At all material times, and alternatively, the actions and omissions of each
23  Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious,
24  deliberately indifferent to each Plaintiff's rights, done with actual malice, grossly negligent,
25  negligent, and objectively unreasonable.

26  74.    As a direct and proximate result of each Defendant's conduct as set forth above,
27  each Plaintiff sustained the following further injuries and damages, past and future, among
28  others:

1          a.     Mental suffering and emotional distress;

2          b.     Interference with and irreparable damage to their constitutional

3                 rights;

4          c.     All damages and penalties recoverable under 42 USC §1983

5                 and federal civil rights law;

6          d.     Suppression of speech and interference with beliefs and associations.

7     75.    With regard to all the causes of action that follow against DEFENDANT CITY

8  OF OAKLAND, and the Oakland Police Department, Plaintiffs allege upon belief that

9  DEFENDANT CITY OF OAKLAND and the Oakland Police Department developed and

10  maintained policies or customs exhibiting deliberate indifference to the constitutional rights of

11  persons at the Oakland Arena, which caused the violation of Plaintiffs' rights.

12     76.    It was the policy and/or custom of the DEFENDANT CITY OF OAKLAND and

13  the Oakland Police Department to treat the Oakland Arena as a non-public forum, to accept the

14  citizen's arrest of Plaintiffs by Oakland Arena personnel and to deny Plaintiffs their

15  constitutional rights

16     77.    It was the policy and/or custom of DEFENDANT CITY OF OAKLAND and the

17  Oakland Police Department to inadequately supervise and train its police officers, including the

18  defendant officer, thereby failing to adequately discourage constitutional rights violations on the

19  part of its officers.

20     78.    It was the policy and/or custom of DEFENDANT CITY OF OAKLAND and

21  DEFENDANT COUNTY OF ALAMEDA to delegate to DEFENDANT SMG their duty to

22  uphold and protect constitutional rights on their properties.

23     79.    The above described policies and customs demonstrate a deliberate indifference

24  on the part of policy makers at the DEFENDANT CITY OF OAKLAND and the Oakland Police

25  Department to protect the constitutional rights of people within the city and were the cause of the

26  violations of Plaintiffs' rights alleged herein.

27

28

14
**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1

## CAUSES OF ACTION

2

**FIRST CAUSE OF ACTION**
**Violation of the First Amendment to the United States Constitution**
3            **Interference with Free Exercise of Speech and Press**
**-- 42 USC §1983 --**
4       *(PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS)*

5        80.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

6    here.

7        81.     DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-

8    ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT

9    VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND

10   POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND

11   POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND

12   ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20, acted under

13   color of law when they threatened to arrest and arrested Plaintiffs for leafleting patrons of the

14   circus and for videotaping the handling and living conditions of the animals used by the circus on

15   public property, in a public forum, depriving Plaintiffs of the clearly-established and well-settled

16   constitutional right protected by the First amendment to U.S. Constitution, and are therefore

17   liable to plaintiffs under 42 U.S.C. § 1983.

18       82.     As a direct and proximate result of Defendants' acts and/or omissions as set forth

19   above, Plaintiffs sustained injuries and damages as set forth at paragraph 67 and 71, above.

20       83.     The conduct of DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY,

21   OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM

22   JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS,

23   OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI,

24   OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN,

25   OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20,

26   entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and

27   California law.

28

1

2

3

**SECOND CAUSE OF ACTION**
**Violation of California Liberty of Speech and Press Clause,**
**Article 1, Section 2(a), California Constitution**
*PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*

4

5

84.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

6

7

8

9

10

11

12

13

14

15

16

85.     DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20 acted under color of law when they threatened to arrest and arrested Plaintiffs for leafleting patrons of the circus and for videotaping the handling and living conditions of the animals used by the circus on public property, in a public forum, depriving Plaintiffs of the clearly-established and well-settled constitutional right protected by Article 1, Section 2(a) of the California Constitution, and are therefore liable to Plaintiffs under California law.

17

18

86.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 67 and 71, above.

19

20

21

22

23

24

25

87.     The conduct of DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20, entitles Plaintiffs to punitive damages and penalties allowable under California law.

26

27

28

**THIRD CAUSE OF ACTION**
**Violation of the 14th Amendment to the United States Constitution**
**Equal Protection of the Laws**
**-- 42 USC §1983 –**
*PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*

88.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

89.     DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20, under color of state law, caused and will cause Plaintiffs to be subjected to the deprivation of their constitutional rights, in violation of 42 U.S.C. 1983.

90.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 67 and 71, above.

91.     The conduct of DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and California law.

**FOURTH CAUSE OF ACTION**
**Violation of Article 1, Section 7(a) of the California Constitution**
**Equal Protection of the Laws**
*PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*

92.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

1    93.    DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-

2  ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT

3  VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND

4  POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND

5  POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND

6  ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20, under color of

7  state law, caused and will cause Plaintiffs to be subjected to the deprivation of their

8  constitutional rights, in violation of Article 1, Section 7(a) of the California Constitution.

9    94.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

10  above, Plaintiffs sustained injuries and damages as set forth at paragraph 67 and 71, above.

11    95.    The conduct of DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY,

12  OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM

13  JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS,

14  OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI,

15  OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN,

16  OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20,

17  entitles Plaintiffs to punitive damages and penalties allowable under California law.

18                          **FIFTH CAUSE OF ACTION**
     **Violation of the Fourth Amendment to the United States Constitution**
19              **Unlawful Seizure-False Arrest 42 USC §1983**
     *PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*
20
        96.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth
21
     here.
22
        97.    DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-
23
     ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT
24
     VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND
25
     POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND
26
     POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND
27
     ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20,, under color of
28

1  state law arrested and/or caused to be arrested and/or authorized, ordered, procured, tolerated, or

2  ratified the arrest of Plaintiff Joseph Cuviello without warrant, probable cause or other legal

3  right, and had him incarcerated and charged in violation of law and his constitutional rights.

4        98.     As a direct and proximate result of Defendants' false arrests of PLAINTIFFS

5  JOSEPH CUVIELLO and DENIZ BOLOL, Plaintiffs sustained injuries and damages as set forth

6  above in paragraphs 67 and 71, and are further entitled to damages, penalties, and costs as

7  otherwise allowed under California law and 42 USC §1983.

8  

**SIXTH CAUSE OF ACTION**
**Violation of Article 1, Section 13 of the California Constitution**
**Unlawful Seizure-False Arrest**
*PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*

9

10

      99.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

11  here.

12

13        100.     DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-

14  ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT

15  VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND

16  POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND

17  POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND

18  ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20 under color of

19  state law arrested and/or caused to be arrested and/or authorized, ordered, procured, tolerated, or

20  ratified the arrest of PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL without warrant,

21  probable cause or other legal right, and had them incarcerated and charged in violation of law

22  and their constitutional rights.

23        101.     As a direct and proximate result of Defendants' false arrest of PLAINTIFFS

24  JOSEPH CUVIELLO and DENIZ BOLBOL sustained injuries and damages as set forth above in

25  paragraphs 67 and 71, and are further entitled to damages, penalties, and costs as otherwise

26  allowed under California law.

27

28

**SEVENTH CAUSE OF ACTION**
**Violation of California Penal Code Sections 602.8, and 236 &**
**California Civil Code 43**
**False Arrest & False Imprisonment**
*PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*

102. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

103. DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20 under color of state law arrested and/or caused to be arrested and/or authorized, ordered, procured, tolerated, or ratified the arrest of PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL without warrant, probable cause or other legal right, and had them incarcerated and charged in violation of law and their constitutional rights.

104. As a direct and proximate result of Defendants' false arrest of PLAINTIFF JOSEPH CUVIELLO and DENIZ BOLBOL sustained injuries and damages as set forth above in paragraphs 67 and 71, and are further entitled to damages, penalties, and costs as otherwise allowed under California law.

**EIGHTH CAUSE OF ACTION**
**Violation of the 8th Amendment to the United States Constitution**
**Freedom from Excessive Bail**
**42 USC §1983**
*CUVIELLO AND BOLBOL AGAINST DEFENDANT COUNTY OF ALAMEDA*

105. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

106. DEFENDANT ALAMEDA COUNTY, who had no reason to believe that PLAINTIFFS CUVIELLO and BOLBOL would not show up for their criminal hearing, as they were arrested for a non-violent misdemeanor trespass charge and had no warrants or previous criminal record, did charge them $2,500 bail to get out of jail.

1    107.   As a direct and proximate result of Defendants' acts and/or omissions as set forth

2    above, Plaintiffs each sustained a financial loss of $250 and injuries and damages as set forth at

3    paragraphs 67 and 71, above.

4    108.   The conduct of DEFENDANT ALAMEDA COUNTY entitles Plaintiffs to all

5    penalties allowable under 42 USC §1983 and California law.

6                                    **NINTH CAUSE OF ACTION**
                                    **Violation of California Penal Code 4030**
7                                    **Illegal Strip Search**
                                    **42 USC §1983**
8    *PLAINTIFF CUVIELLO AGAINST DEFENDANT COUNTY OF ALAMEDA*

9    109.   Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

10   here.

11   110.   DEFENDANT ALAMEDA COUNTY knowing that PLAINTIFF CUVIELLO'S

12   arrest did not involve weapons, controlled substances or violence did illegally strip search him in

13   a room with approximately five (5) other arrestees.

14   111.   As a direct and proximate result of Defendants' acts and/or omissions as set forth

15   above, Plaintiff sustained injuries and damages as set forth at paragraphs 67 and 71, above.

16   112.   The conduct of DEFENDANT ALAMEDA COUNTY entitles Plaintiff to

17   penalties allowable under and California law.

18                                   **TENTH CAUSE OF ACTION**
                                    **Malicious Prosecution**
19                                   **42 USC §1983**
     *PLAINTIFFS CUVIELLO and BOLBOL AGAINST DEFENDANTS CITY OF OAKLAND,*
20   *OAKLAND COLISEUM JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER*
     *SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE*
21   *OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE*
     *OFFICER DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON*
22   *LITTLE, and DOES 1-20*

23   113.   Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

24   here.

25   114.   Defendants, under color of state law, acting in concert and with malice, did

26   without reasonable cause unlawfully arrest PLAINTIFFS JOSEPH CUVIELLO and DENIZ

27   BOLBOL, depriving them of liberty.

28

1      115.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

2   above, Plaintiffs sustained injuries and damages as set forth at paragraphs 67 and 71, above.

3      116.    The conduct of Defendants CITY OF OAKLAND, OAKLAND COLISEUM

4   JOINT VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS,

5   OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI,

6   OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN,

7   OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20

8   entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and

9   California law.

10                          **ELEVENTH CAUSE OF ACTION**
                        **Violation Of California Civil Code §52.1**
11              ***PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS***

12     117.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

    here.

13

14     118.    DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-

    ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT
15
    VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND
16
    POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND
17
    POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND
18
    ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20, omissions,
19
    customs, and policies, as described above, violated Plaintiffs' rights under California Civil Code
20
    §52.1, by interfering, or attempting to interfere, by threats, intimidation, or coercion, with the
21
    exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of
22
    rights secured by the Constitution or laws of the State of California, including but not limited to
23
    42 U.S.C. § 1983 and the following clearly-established rights under the United States
24
    Constitution and the California Constitution:
25
                    a.     The right to be free from interference with, or retaliation for,
26
                           their exercise of constitutionally protected rights, including
27
                           but not limited to speech, press, association, conscience, and
28

1          beliefs, as secured by the First and Fourteenth Amendments;

2              b.    The right to be free from the deprivation of equal protection

3                    of the law as secured by the Fourteenth Amendment;

4              c.    The right to freely speak, write and publish

5                    their sentiments on all subjects, being responsible for the

6                    abuse of this right. A law may not restrain or abridge

7                    liberty of speech or press, as secured by the California

8                    Constitution, Article I, Section 2;

9              d.    The right to be free from deprivation of equal

10                   protection of the laws, as secured by the California

11                   Constitution, Article I, Section 7;

12         119.    As a direct and proximate result of Defendants' violation of California Civil

13    Code §52.1, Plaintiffs sustained injuries and damages as set forth in paragraph 67 and 71,

14    above. Further, Plaintiffs claims all damages and penalties allowed by law, including California

15    Civil Code §§52 and 52.1, and including costs, treble damages, and civil penalties.

16                              **TWELTH CAUSE OF ACTION**
                                **Violation Of 42 U.S.C. § 1985**
17                          **Conspiracy To Violate And Violation Of**
      **The First And Fourteenth Amendments Of The United States Constitution And**
18          **Article 1 Section 2(A) And 7(A) Of The California Constitution**
                                    **-- 42 Usc §1983 --**
19         *PLAINTIFFS CUVIELLO and BOLBOL AGAINST ALL DEFENDANTS*

20         120.    Plaintiffs incorporate the allegations contained in the above paragraphs as though

21    fully set forth herein.

22         121.    DEFENDANTS CITY OF OAKLAND, ALAMEDA COUNTY, OAKLAND-

23    ALAMEDA COUNTY COLISEUM AUTHORITY, OAKLAND COLISEUM JOINT

24    VENTURE, L.L.C., SMG, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND

25    POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI, OAKLAND

26    POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, OAKLAND

27    ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and DOES 1-20 acted under

28    color of law when they threatened plaintiffs with arrest for distributing leaflets and videotaping

1  events on public property, in a public forum, depriving plaintiffs of their rights under the United

2  States and California Constitution, and are therefore liable to plaintiffs under 42 U.S.C. § 1983.

3  122.  Defendant SMG, who employed all Defendant police officers, acted under color

4  of law when they conspired with DEFENDANTS OAKLAND POLICE OFFICER SERGEANT

5  LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER

6  TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER

7  DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, and

8  DOES 1-20 to have the Defendant officers adopt the "trespassing" speech-denial policy and act

9  to threaten and arrest Plaintiffs, under the pretext of a citizen's arrest, which led to Plaintiffs'

10  being denied access to public property, to distribute leaflets and videotape in a public forum, and

11  in a designated public forum, thereby depriving plaintiffs of their rights under the United States

12  and California Constitution, and is therefore liable to Plaintiffs under 42 U.S.C. § 1983.

13  123.  DEFENDANTS OAKLAND POLICE OFFICER SERGEANT LEWIS,

14  OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI,

15  OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER DUNIKIN, (who

16  were all dually employed by DEFENDANT SMG), OAKLAND ARENA ASSISTANT

17  GENERAL MANAGER RON LITTLE, SMG and DOES 1-20 aided, abetted, encouraged,

18  facilitated and participated in assisting one another in setting forth and executing upon the pre-

19  textual "trespassing" free speech-denial policy at issue in this litigation and to act to threaten and

20  arrest Plaintiffs under the pretext of a "citizen's arrest" which resulted in Plaintiffs' wrongful

21  arrests and deprivation of their Federal and State Constitutional Rights.

22  124.  As a direct and proximate result of Defendants' acts and/or omissions as set forth

23  above, Plaintiffs sustained injuries and damages as set forth at paragraphs 67 and 71, above.

24  125.  The conduct of DEFENDANTS OAKLAND POLICE OFFICER SERGEANT

25  LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER

26  TRAPELLI, OAKLAND POLICE OFFICER CASTRO, OAKLAND POLICE OFFICER

27  DUNIKIN, OAKLAND ARENA ASSISTANT GENERAL MANAGER RON LITTLE, SMG

28

24
**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1 | and DOES 1-20, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC

2 | §1983 and California law.

3 | ### THIRTEENTH CAUSE OF ACTION
**Facial And As Applied Challenge To California Penal Code Section 853.6(I)(7)**

4 | **A Person Arrested By A Peace Officer For A Misdemeanor Shall Be Released Unless**
**"Reasonable Likelihood That The Offense Or Offenses Would Continue Or Resume"**

5 | *PLAINTIFFS CUVIELLO and BOLBOL AGAINST THE STATE OF CALIFORNIA AND*
*ALL DEFENDANTS*

6 |

7 | 126.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

here.

8 |

9 | 127.    Facially California Penal Code Section 853.6(I)(7) is unconstitutionally vague as

it fails to provide standards for the police to determine if there is a reasonable likelihood that the

10 |

offense will continue, thus delegating too much discretion to the police officer without sufficient

11 |

guards against arbitrary deprivations of liberty.

12 |

13 | 128.    As applied, California Penal Code Section 853.6(I)(7) only applies to arrests

made by a peace officer. Defendant officers applied this section to the arrest of Plaintiffs by a

14 |

private citizen.

15 |

16 | 129.    As a result of this unconstitutionally vague statute and Defendants' wrongful

application of the statute PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL were not

17 |

cited and released but held in custody for 30 hours and 24 hours, respectively.

18 |

19 | 130.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

above, Plaintiff sustained injuries and damages as set forth at paragraphs 67 and 71, above.

20 |

21 | 131.    The conduct of DEFENDANTS entitles Plaintiffs to penalties allowable under

and California law.

22 |

23 | ### FOURTEENTH CAUSE OF ACTION
**Violation Of Rights Under California Penal Code Section 853.6**

24 | **A Person Arrested For A Misdemeanor Offense Shall Be Released According To The**
**Procedures Set Forth By This Chapter**

25 | *PLAINTIFFS CUVIELLO and BOLBOL AGAINST DEFENDANTS OAKLAND POLICE*
*OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND*
*POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO and ALAMEDA*

26 | *COUNTY*

27 | 132.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

28 | here.

1    133.    California Penal Code Section 853.6 (h) reads: "A peace officer shall use the

2    written notice to appear procedure set forth in this section for any misdemeanor offense in which

3    the officer has arrested a person without a warrant pursuant to Section 836 or in which he or she

4    has taken custody of a person pursuant to Section 847."

5    134.    PLAINTIFFS CUVIELLO and BOLBOL were told by DEFENDANT SGT.

6    LEWIS that they were placed under citizen's arrest, (Section 847), for a misdemeanor trespass

7    charge. Plaintiffs were not cited and released as mandated by California Penal Code Section

8    853.6(h):

9    135.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

10   above, Plaintiffs sustained injuries and damages as set forth at paragraphs 67 and 71, above.

11   136.    The conduct of DEFENDANTS OAKLAND POLICE OFFICER SERGEANT

12   LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER

13   TRAPELLI, OAKLAND POLICE OFFICER CASTRO and ALAMEDA COUNTY entitles

14   Plaintiffs to penalties allowable under California law.

15   **FIFTEENTH CAUSE OF ACTION**
     **Violation Of Rights Under California Penal Code Section 841**
16   *PLAINTIFFS CUVIELLO AND BOLBOL AGAINST DEFENDANTS OAKLAND POLICE*
     *OFFICER SERGEANT LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND*
17   *POLICE OFFICER TRAPELLI, OAKLAND POLICE OFFICER CASTRO and OAKLAND*
     *ARENA ASSISTANT GENERAL MANGER RON LITTLE*
18
     137.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth
19
     here.
20
     138.    California Penal Code Section 841 states that "the person making the arrest must
21
     inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the
22
     authority to make it."
23
     139.    PLAINTIFFS CUVIELLO and BOLBOL were told by DEFENDANT SGT.
24
     LEWIS that they were placed under citizen's arrest for a misdemeanor trespass charge. However
25
     Plaintiffs were never informed by the arresting citizen of their "intention to arrest," or their
26
     "cause of arrest." Plaintiffs were informed of the intention to arrest and the cause of arrest by
27
     Defendant Oakland Police officers.
28

1    140.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

2   above, Plaintiffs sustained injuries and damages as set forth at paragraphs 67 and 71, above.

3    141.    The conduct of DEFENDANTS OAKLAND POLICE OFFICER SERGEANT

4   LEWIS, OAKLAND POLICE OFFICER MORSE, OAKLAND POLICE OFFICER

5   TRAPELLI, OAKLAND POLICE OFFICER CASTRO and OAKLAND ARENA ASSISTANT

6   GENERAL MANGER RON LITTLE entitles Plaintiffs to penalties allowable under California

7   law.

8    **SIXTEENTH CAUSE OF ACTION**
     **Violation Of Rights Under California Penal Code Section 849.(A)**
9    *PLAINTIFFS CUVIELLO and BOLBOL AGAINST DEFENDANTS CITY OF OAKLAND,*
     *COUNTY OF ALAMEDA, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND*
     *POLICE OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI and OAKLAND*
10   *POLICE OFFICER CASTRO*

11   142.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth

12   here.

13   143.    California Penal Code Section 849.(a) states that "when an arrest is made without

14   a warrant by a peace officer or private person, the person arrested, if not otherwise released,

15   shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the

16   county in which the offense is triable."

17   144.    On AUGUST 14, 2008, a Thursday night, PLAINTIFFS CUVIELLO and

18   BOLBOL were told by DEFENDANT SGT. LEWIS that they were placed under citizen's arrest

19   for a misdemeanor trespass charge and were not cited and released as they should have been,

20   under California Penal Code Section 853.6 (h), but instead were taken to the County jail and then

21   transferred to Santa Rita Jail in Dublin.

22   145.    The next accessible magistrate was Friday morning, August 15, 2008. However,

23   Plaintiffs were not taken "without unnecessary delay" to see the magistrate.

24   146.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

25   above, Plaintiffs sustained injuries and damages as set forth at paragraphs 67 and 71, above.

26   147.    The conduct of DEFENDANTS CITY OF OAKLAND, COUNTY OF

27   ALAMEDA, OAKLAND POLICE OFFICER SERGEANT LEWIS, OAKLAND POLICE

28

1  OFFICER MORSE, OAKLAND POLICE OFFICER TRAPELLI and OAKLAND POLICE

2  OFFICER CASTRO entitles Plaintiffs to penalties allowable under California law.

3
### SEVENTEENTH CAUSE OF ACTION
### Violation of California Penal Codes 240 & 242
4
### Assault & Battery
### *PLAINTIFF CUVIELLO AGAINST SMG and DOE DEFENDANT*
5

6  148.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

7  here.

8  149.    Oakland Arena Security guard did grab and shove Plaintiff Cuviello while he was

9  videotaping the elephants being walked to the circus train.

10  150.    As a direct and proximate result of Defendants' acts and/or omissions as set forth

11  above, Plaintiff sustained injuries and damages as set forth at paragraphs 67 and 71, above.

12  151.    The conduct of Defendants SMG and DOE entitles Plaintiff to punitive damages

13  and penalties allowable under 42 USC §1983 and California law.

14
### EIGHTEENTH CAUSE OF ACTION
### Violation Of California Civil Code §51.7
### Freedom From Violence
15
### *PLAINTIFF CUVIELLO AGAINST SMG and DOE DEFENDANT*

16  152.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

17  here.

18  153.    Oakland Arena security guard did use violence against PLAINTIFF CUVIELLO

19  when he grabbed and shoved him while Plaintiff was videotaping, because of Plaintiff's political

20  stance on Animal Rights.

21  154.    As a direct and proximate result of Defendants' violation of California Civil Code

22  §51.7, Plaintiff sustained injuries and damages as set forth in paragraphs 67 and 71, above.

23  Further, Plaintiff claims all damages and penalties allowed by law, including California Civil

24  Code §§52, and including costs, treble damages, and civil penalties.

25
### PRAYER FOR RELIEF

26  WHEREFORE, Plaintiffs respectfully request the following relief against each and every

27  Defendant herein, jointly and severally:

28

| | | |
|---|---|---|
| 1 | a. | A court order for declaratory and injunctive relief declaring that the |
| 2 | | present policy of prohibiting citizens from exercising free speech rights on |
| 3 | | the Oakland Arena property violates the Constitution of the United States |
| 4 | | and Constitution of the State of California and prohibiting such restriction |
| 5 | | in future years, and requiring defendants to undertake training and other |
| 6 | | prophylactic measures to ensure defendants' acts are not repeated in future |
| 7 | | years. |

b. Compensatory, general, and special damages against all defendants in an amount according to proof which is just and fair.

c. Exemplary damages against each individual defendant, excluding the Defendant CITY OF OAKLAND and COUNTY OF ALAMEDA, in an amount sufficient to deter and to make an example of those defendants.

d. The cost of this suit and such other relief as the court finds just and proper.

e. A civil penalty of $25,000 for each violation of rights under California Civil Code Section 52(b)(2).

f. A civil penalty of $25,000 for each violation of rights under California Civil Code Section 51.7.

g. All other damages, penalties, costs, and interest as allowed by 42 USC §§ 1983, 1988, Cal. Civil Code §§ 52, 52.1, and as otherwise allowed by law.

Dated: June 29, 2009                    GONZALEZ & LEIGH, LLP

By: _____
FOR   G. Whitney Leigh
       Attorneys for Plaintiff
       DENIZ BOLBOL